IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| C.R. PEELE CONSTRUCTION CO., INC. | : | |
| | : | |
| **Plaintiff,** | : | CIVIL NO. 3:13-cv-01813-SRU |
| | : | |
| v. | : | |
| | : | |
| DTC ENGINEERS & CONSTRUCTORS, LLC, and THE HANOVER INSURANCE COMPANY, | : | |
| | : | |
| **Defendants.** | : | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT THE HANOVER INSURANCE COMPANY

Defendant The Hanover Insurance Company ("Hanover"), by its undersigned attorneys, answers and raises affirmative defenses to the Amended Complaint of Plaintiff C.R.Peele Construction Co., ("Peele") as follows:

1. Admitted.

2. Denied as conclusions of law to which no responsive pleading is required.

3. Denied as the order referred to is a document in writing that speaks for itself.

4. Denied as conclusions of law to which no responsive pleading is required.

5. Admitted that Plaintiff purports to bring this action in the name of the United States of America for the use and benefit of C.R. Peele Construction Co., Inc. The remaining averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

6. After reasonable investigation, Hanover lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies them.

7.  After reasonable investigation, Hanover lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies them.

8.  Denied, but admitted that Peele was a subcontractor on the identified construction project (the "Project").

9.  Admitted.

10. Denied, but admitted that DTC has acted as a general contractor on construction projects.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied, but admitted that Hanover issued a payment bond on behalf of DTC in connection with the Project.

15. Denied, but admitted that DTC entered into a contract in connection with the Project that is a document in writing and speaks for itself.

16. Denied, but admitted that DTC furnished a payment bond (the "Payment Bond") in connection with the Project that is a document in writing that speaks for itself.

17. Denied as the Payment Bond is a document in writing that speaks for itself.

18. Denied, but admitted that Peele entered into a subcontract (the "Subcontract") in connection with the Project that is a document in writing and speaks for itself.

19. Denied, but admitted that Peele was a subcontractor to DTC in connection with the Project.

20. Denied, but admitted that DTC supplied the form for the Subcontract.

21. Denied.

22. Denied as the Subcontract is a document in writing that speaks for itself.

23. Denied.

24. Denied as conclusions of law to which no responsive pleading is required.

25. Denied.

26. Hanover lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies them.

27. Admitted.

28. Denied.

29. Denied.

30. Hanover lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies them.

31. Denied.

32. Denied.

33. Hanover lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies them.

34. Hanover lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies them.

35. Hanover lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, and therefore denies them.

36. Denied.

37. Denied as the letter referred to is a document in writing and speaks for itself.

38. Denied as the document referred to is in writing and speaks for itself.

39. Denied as the document referred to is in writing and speaks for itself.

## FIRST CAUSE OF ACTION

40. Hanover incorporates its answers to the above paragraphs as though fully set forth.

41. Denied as conclusions of law to which no responsive pleading is required.

42. Denied.

43. Denied as the Subcontract is in writing and speaks for itself.

44. Denied as conclusions of law to which no responsive pleading is required.

45. Denied as conclusions of law to which no responsive pleading is required.

46. Denied as conclusions of law to which no responsive pleading is required.

47. Denied as conclusions of law to which no responsive pleading is required.

48. Denied as conclusions of law to which no responsive pleading is required.

49. Denied as conclusions of law to which no responsive pleading is required.

50. Denied as conclusions of law to which no responsive pleading is required.

51. Denied as conclusions of law to which no responsive pleading is required.

52. Denied as conclusions of law to which no responsive pleading is required.

WHEREFORE, Hanover demands a judgment in its favor and against Peele on all counts of Peele's Complaint, together with costs, fees and such other relief as this Court may deem just and proper.

## SECOND CAUSE OF ACTION

53. Hanover incorporates its answers to the above paragraphs as though fully set forth.

54. Denied as conclusions of law to which no responsive pleading is required.

55. Denied as conclusions of law to which no responsive pleading is required.

56. Denied as conclusions of law to which no responsive pleading is required.

57. Denied as conclusions of law to which no responsive pleading is required.

58. Denied as conclusions of law to which no responsive pleading is required.

59. Denied as conclusions of law to which no responsive pleading is required.

60. Denied as conclusions of law to which no responsive pleading is required.

61. Denied as conclusions of law to which no responsive pleading is required.

62. Denied as conclusions of law to which no responsive pleading is required.

WHEREFORE, Hanover demands a judgment in its favor and against Peele on all counts of Peele's Complaint, together with costs, fees and such other relief as this Court may deem just and proper.

## **THIRD CAUSE OF ACTION**

63. Hanover incorporates its answers to the above paragraphs as though fully set forth.

64. Admitted.

65. Admitted.

66. Denied as conclusions of law to which no responsive pleading is required.

67. Denied as conclusions of law to which no responsive pleading is required.

68. Admitted.

69. Denied as conclusions of law to which no responsive pleading is required.

70. Denied as conclusions of law to which no responsive pleading is required.

71. Denied as conclusions of law to which no responsive pleading is required.

72. Denied as conclusions of law to which no responsive pleading is required.

73. Denied as conclusions of law to which no responsive pleading is required.

WHEREFORE, Hanover demands a judgment in its favor and against Peele on all counts of Peele's Complaint, together with costs, fees and such other relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Peele's Complaint fails to state a claim on which relief may be granted.

### Second Affirmative Defense

Peele's claims are barred by the doctrines of waiver and estoppel.

### Third Affirmative Defense

Peele's claims are barred because it has failed to comply with all common law and/or statutory conditions precedent to bringing its claim and/or conditions precedent contained in the Payment Bond.

### Fourth Affirmative Defense

Peele's claims are barred because it has failed to comply with the terms of the Payment Bond.

### Fifth Affirmative Defense

Peele's claims are barred by the doctrine of unclean hands.

### Sixth Affirmative Defense

Peele's claims are barred or reduced because it has failed to mitigate its damages.

### Seventh Affirmative Defense

Peele's claims are barred because it has materially breached the Subcontract into which it entered.

### Eighth Affirmative Defense

Peele's claims are barred because it has abandoned the Project.

### Ninth Affirmative Defense

Peele's claims are barred because DTC has obtained a default judgment against Peele regarding the issues raised in the Complaint in an action filed in the Connecticut Superior Court, Judicial District of New Haven, captioned <u>DTC Engineers & Constructors, LLC, v. C.R. Peele Construction, Inc.</u>

### Tenth Affirmative Defense

Peele failed and refused to comply with its obligations under the Subcontract, including but not limited to:

- Failing to perform its work in a timely manner;
- Failing to maintain the Project schedule;
- Failing to supply sufficient manpower;
- Failing to comply with safety requirements;
- Failing to maintain the storm water drain as required by the contract;
- Failing to obtain necessary permits;
- Failing to remove organic debris from the Project retention ponds;
- Failing to timely prepare and backfill the storm water system;
- Removing native sand from infiltration trenches and replacing it with unsuitable fill materials;
- Abandoning the Project without fulfilling its obligations or completing its work.

### Eleventh Affirmative Defense

Peele's claims against Hanover are subject to the defenses of DTC, which Hanover incorporates by reference and asserts the benefit of to bar or limit Peele's claims against the Payment Bond.

### Twelfth Affirmative Defense

Hanover's liability, if any, is limited by the terms of the Payment Bond, including but not limited to the penal sum set forth therein.

### Thirteenth Affirmative Defense

Hanover's liability, if any, to any entities other than Peele that are entitled to the proceeds of the Payment Bond or any part thereof is limited to its proportional share.

### Fourteenth Affirmative Defense

Peele's claims are barred by the doctrine of setoff.

### Fifteenth Affirmative Defense

Peele's claims are barred by the doctrine of recoupment.

WHEREFORE, Hanover demands a judgment in its favor and against Peele on all counts of Peele's Complaint, together with costs, fees and such other relief as this Court may deem just and proper.

Dated: June 20, 2014

_____
Adam R. Schwartz, Esq.
Bar Number ct288990
McELROY DEUTSCH MULVANEY
 & CARPENTER, LLP.
1300 Mount Kemble Ave.
P.O. Box 2075
Morristown, NJ  07962
TEL:   (973) 993-8100
FAX:   (973) 425-0161
aschwartz@mdmc-law.com

*Attorneys for Defendant*
*The Hanover Insurance Co.*